IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JAH'MZ MIKHAL RANSOM,   *
                        *
    Plaintiff,          *
                        *
    v.                  *
                        *   CV 421-018
UNKNOWN CHATHAM COUNTY  *
CORRECTIONAL STAFF, NURSE *
JONES, OFFICER WHITE,   *
MR. MCLAIN, MS. KING,   *
CHATHAM COUNTY DETENTION, and *
JOHN WELCHER,           *
                        *
    Defendants.         *

**O R D E R**

Plaintiff filed this lawsuit while incarcerated at the Chatham County Detention Center. (Compl., Doc. No. 1, at 3.) Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in this case brought under 42 U.S.C. § 1983. (Doc. No. 3 (granting IFP status).) Because he is proceeding IFP, Plaintiff's pleadings must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (per curiam); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (per curiam); 28 U.S.C. § 1915A. A *pro se* litigant's pleadings are held to a more lenient standard than those drafted by an attorney, Erickson v. Pardus, 551 U.S. 89, 94 (2007), but the Court may dismiss the Complaint or any portion thereof if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or if it

seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). For the following reasons, Plaintiff's claims are dismissed.

## I. BACKGROUND

Plaintiff claims Chatham County Detention Center officials violated Center for Disease Control ("CDC") guidelines relevant to the COVID-19 pandemic and asserts "lack of security" in violation of 42 U.S.C. § 1983. (Compl. at 3.) According to Plaintiff's Complaint, on November 25, 2020, Defendants transferred him to Unit 7C due to overcrowding. (Id. at 5.) Unit 7C had been designated as a COVID-19 quarantine unit until it was shut down for lack of security pertaining to the exit doors. (Id. at 6.) Plaintiff tested positive for COVID-19 on December 1, 2020, less than one week after moving to Unit 7C. (Id. at 5.) On that same day, Defendants transferred him from Unit 7C to some unknown unit, and then, on December 5, he was moved into Unit 7B, the new quarantine unit. (Id.) After he fell ill with COVID-19, Plaintiff suffered for days before anything other than Tylenol was prescribed. (Id. at 7.)

Plaintiff also complains that officials began intermingling inmates regardless of their COVID-19 status on December 5, 2020. (Id. at 5.) He alleges that all inmates were allowed to use the same phone, kiosk, shower, and other dorm items, no matter their

2

COVID-19 status. (Id.) Presumably, he recovered and filed the present suit on January 25, 2021, demanding a "settlement" totaling $25,000.00 as recovery. (Id. at 7.)

## II. LEGAL STANDARD

A complaint or any portion thereof may be dismissed if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to

3

raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, courts afford a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson, 551 U.S. at 94; Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that courts have a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### III. DISCUSSION

As an initial matter, while Plaintiff's allegation that prison officials failed to adhere to CDC guidelines is relevant to the Court's inquiry, it does not, on its own, state a claim for constitutional injury cognizable under Section 1983. See 42 U.S.C.

4

§ 1983 (permitting civil actions for deprivation of those rights, privileges, or immunities secured by the Constitution and laws); Taylor v. Adams, 221 F.3d 1254, 1259 (11th Cir. 2000) ("[F]ailure to follow procedures does not, by itself, rise to the level of deliberate indifference because doing so is at most a form of negligence."). The Court construes Plaintiff's remaining allegations as a claim for deliberate indifference to serious medical needs. Plaintiff's medical claim is couched in two separate injuries: (1) his initial exposure to and contraction of COVID-19; and (2) the treatment he received after exposure.

The Eighth Amendment is violated when a jailer "is deliberately indifferent to a substantial risk of serious harm to an inmate who suffers injury." Lane v. Philbin, 835 F.3d 1302, 1307 (11th Cir. 2016).[1] Under this rubric, a plaintiff must make both an objective and a subjective showing. Farmer v. Brennan, 511 U.S. 825, 834, (1994). To establish the objective component, the plaintiff must demonstrate "a substantial risk of harm," by arguing he had a "serious medical need." Id.; Melton v. Abston, 841 F.3d 1207, 1220 (11th Cir. 2016), abrogated on other grounds by Twombly, 550 U.S. 544. Under the subjective component, the plaintiff must prove "the defendants' deliberate indifference" to that risk of harm by making

---

[1] Although Plaintiff's claim technically arises under the Fourteenth Amendment because, at filing, he was a pretrial detainee rather than convicted prisoner, it is "evaluated under the same standard as a prisoner's claim of inadequate care under the Eighth Amendment." Dang ex rel. Dang v. Sheriff, Seminole Cnty. Fla., 871 F.3d 1272, 1279 (11th Cir. 2017).

three sub-showings: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." Lane, 835 F.3d at 1308. Finally, the Plaintiff must allege causation. Hale v. Tallapoosa Cnty., 50 F.3d 1579 (11th Cir. 1995).

### A. Exposure to COVID-19

The Eleventh Circuit recently indicated that the risk of harm associated with COVID-19 likely satisfies the objective prong of the test. See Swain v. Junior, 961 F.3d 1276, 1285 (11th Cir. 2020). However, the Court there also noted that, under the subjective prong and "as applied in the prison context, the deliberate-indifference standard sets an appropriately high bar." Swain, 961 F.3d at 1285; see also Farmer, 511 U.S. at 834 (stating that a plaintiff must prove that the defendant acted with "a sufficiently culpable state of mind"). To that end, to state a claim, Plaintiff must show "subjective recklessness as used in the criminal law." Farmer, 511 U.S. at 839-40. This is so because "[a] prison official's duty under the Eighth Amendment is to ensure reasonable safety, a standard that incorporates due regard for prison officials' unenviable task of keeping dangerous men in safe custody under humane conditions." Id. at 844-45 (quotations and internal citations omitted).

Even where "prison officials . . . actually knew of a substantial risk to inmate health or safety," they may nonetheless

6

"be found free from liability if they responded reasonably to the risk" and "even if the harm ultimately was not averted." Id. at 844. In this case, the Court need not determine whether the Defendants actually knew of the risks because it appears from Plaintiff's affirmative pleading that Defendants took reasonable steps to minimize that risk.

Plaintiff partially blames his exposure to infection on being housed in a unit previously used as quarantine space, but he additionally argues that the commingling of inmates in the new unit was detrimental as well. To the extent Plaintiff protests his removal from an overcrowded unit to a less crowded one with unexplained security issues, Plaintiff's claims lack logic. As to claims of CDC recommended quarantine failures after that point, Plaintiff plainly states that the staff began commingling inmates of varying degrees of infection on December 5, 2020, which was after his positive test on December 1, 2020.[2] Plaintiff simply fails to allege any meaningful connection between his transfer and the risks associated with that transfer, or between the commingling and his own infection. Thus, not only has Plaintiff failed to allege deliberate disregard of risks, he has also failed to allege causation

---

[2] To the extent Plaintiff alleges these facts in pursuit of recovery on behalf of other inmates mentioned in his Complaint, such claims are not properly before the Court. See Singleton v. Wulff, 428 U.S. 106, 114 (1976) (one may not claim standing to vindicate the constitutional rights of others); Adams v. James, 784 F.2d 1077, 1080 (11th Cir. 1986) (prisoners generally lack standing to litigate another prisoner's claim).

of injury. See Hale, 50 F.3d at 1584 (11th Cir. 1995) (requiring causal link between deliberate indifference and injury).

### B. Treatment After Exposure

Next, Plaintiff complains of the treatment he received after he tested positive for COVID-19. Plaintiff's own allegations are that, once he received a positive diagnosis, he was quarantined in Unit 7B. Though he was ill, he does not describe any treatable symptoms which were left untreated. He merely states that he felt like he was going to die and that he could not eat. He was given Tylenol.

Not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 105 (1976). Neither does a mere difference in medical opinion between inmate and staff. Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989); Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991). As here, "[w]here a prisoner has received . . . medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments . . . ." See Hamm v. Dekalb Cnty., 774 F.2d 1567, 1575 (11th Cir. 1985). This Court will not second guess medical judgments and treatments of COVID-19. Therefore, this claim must be dismissed.

## IV. CONCLUSION

Upon the foregoing, **IT IS HEREBY ORDERED** that this case is **DISMISSED**. The Clerk is directed to **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this ___9th___ day of May, 2022.

_____
UNITED STATES DISTRICT JUDGE